# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RODNI CHAMBERS,

        Petitioner,    :    Case No. 1:10-cv-455

- vs -    Chief Judge Susan Dlott
    Magistrate Judge Michael R. Merz

Warden, London Correctional Institution

        Respondent.    :

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is ripe for decision on the merits. Mr. Chambers filed his Petition July 12, 2010 (Doc. No. 1). When ordering the State to answer, Judge Wehrman set a reply date of twenty-one days after the answer (Order, Doc. No. 4, PageID 17). The Return of Writ was filed December 10, 2010 (Doc. No. 11), which would have made the reply due January 3, 2011. Mr. Chambers requested a 120-day extension of time (Doc. No. 12). After that time had expired, Judge Litkovitz *sua sponte* granted Mr. Chambers an additional thirty days (i.e., to June 1, 2011)(Doc. No. 14). However, no reply has been filed.

Mr. Chambers pleads two grounds for relief:

> **Ground One:**
>
> The records will reflect that the proper wording, is missing while imposing post-release control according to Ohio law, second the court imposed sentence in violation to allied offenses for the conduct of the same and similar offense, trafficking and possession of cocaine. No hearing was conducted on presentence investigation or allied offenses.
>
> **Ground Two**
> Allied offense, failure to conduct an allied offense [sic] hearing; pre

sentence investigaton [sic] hearing, failure to properly impose post-release control.

**Supporting Facts:**

The court while imposing post-release control failed to use the proper wording, causing the sentence to be voided. Second the court imposed sentences that were allied offenses, in which tracking [sic] concaine [sic] and possession are similar and have been considered that same offense according to the Ohio Supreme Court. Where the sentence in this case should only be a term of four years ....

(Petition, Doc. No. 1, PageID 6-7.)

### Procedural History

A Hamilton County grand jury indicted Mr. Chambers on one count of trafficking in cocaine, one count of possession of cocaine, one count of trafficking in heroin, and one count of possession of heroin. Pursuant to a plea agreement, Mr. Chambers pled guilty to the two cocaine counts and was sentenced to an eight-year term of imprisonment on each count, to be served concurrently. after his appellate counsel filed an Anders brief, he filed a *pro se* brief stating three assignments of error:

1. "The trial court erred in convicting the Defendant-Appellant to allied offenses of similar imports that arose from a single animus, which constitutes a violation of R.C. 2941.25 and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Section 10, Article 1 of the Ohio Constitution."

2. "The trial court erred in failing to conduct a allied offense hearing and a Mandatory Pre-Sentencing Investigation hearing pursuant to State v. Kent. 428 N.E. 2d 453 and State v. Brown 454 N.E. 2d 596 and State v. Ross 2009 WL 2894452."

3. "The trial Court erred in imposing Post-Release control by not using the proper language in R.C. 2929.191 and State v. Berch 2009 Ohio 2895 and State v. Pitts 2006 Ohio 3182, by not imposing a Mandatory Post Release Control."

(Exhibit 7 to Return of Writ, quoted at PageID 34.) On December 9, 2009, the Court of Appeals

affirmed the trial court judgment. On March 30, 2010, Mr. Chambers filed for a delayed appeal in the Ohio Supreme Court, but that motion was denied. Mr. Chambers filed a post-conviction petition alleging ineffective assistance of trial counsel, but did not appeal from dismissal of that petition. His next step was to file in this Court.

## Analysis

Although worded slightly differently, Mr. Chambers two Grounds for Relief raise the same claims and will be analyzed together.

## Limitation to Constitutional Grounds

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

Several claims made by Mr. Chambers in his two Grounds for Relief raise only questions of state law. There is no federal constitutional requirement on the form of words needed to impose post-release control on a state prisoner. There is likewise no federal constitutional requirement for a presentence investigation or for a hearing on such an investigation when one is done. Finally,

there is no federal constitutional requirement for a separate hearing on like and similar offenses. Because there are no relevant federal constitutional requirements, these portions of Mr. Chambers' grounds for relief should be dismissed without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

## Like and Similar/Double Jeopardy

The one claim Mr. Chambers raises which could be analyzed to raise a federal constitutional claim is his assertion that he should not have been separately sentenced for trafficking in cocaine and possession of cocaine because they are the "same offense" under Ohio law and therefore multiple punishment is prohibited by the Double Jeopardy Clause of the United States Constitution.

Before this Court can reach the merits of that claim, it must consider the procedural default defense raised by the Warden. The Warden asserts that because Mr. Chambers did not file a timely appeal from the Court of Appeals decision affirming his conviction, he has procedurally defaulted on his Double Jeopardy claim.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th

Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001);.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d*,* at 138.

As the Warden notes, Ohio Supreme Court Rule of Practice 2.2(A)(1) requires that, to take an appeal in a felony case, an appellant must file a notice of appeal within forty-five days of the entry of judgment in the Court of Appeals. In this case, that would have been on or before January 23, 2010. The record is plain that Mr. Chambers did not file a notice of appeal. The import of the Ohio Supreme Court's having denied his motion for delayed appeal is it found his excuse for delay unpersuasive, thereby enforcing the forty-five day rule against him. That 45-day time limit on appeal to the Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004). Mr. Chambers offers nothing in this Court to show excusing cause for the default. Therefore the Warden's procedural default defense to the Petition is well taken and the Court should not reach the merits.

In the alternative if the Court were to reach the merits of the Double Jeopardy claim, it should dismiss that claim with prejudice. The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

Ohio law allows the parties to a criminal case to agree on a sentence so long as it is within the statutory parameters for the crime. That is precisely what happened here: Mr. Chambers agreed to plead to the two cocaine offenses in return for dismissal of the two heroin offenses and the two major drug offender specifications, knowing that the sentence would be eight years on each count,

to be served concurrently. That si exactly the sentence which was imposed and which is being served. The sentence was discussed with Mr. Chambers on the record in open court and he indicated his voluntary agreement to the plea deal. Therefore the Double Jeopardy claim is without merit.

## Conclusion

The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

August 11, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).